# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ABEER K. MOTAN, )
                                    )
          Plaintiff, )
                                    )
          v. ) No. 4:12CV1362 SNLJ
                                    )
MARY KELLY, et al., )
                                    )
          Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Abeer Motan for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). After reviewing the complaint, the Court will order plaintiff to amend her complaint according to the instructions set forth below.

### The Complaint

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5, the "Genetic Information Non-Discrimination Act," ("GINA"), Mo.Rev.Stat.§ 375.1306, and presumably the Missouri Human Rights Act ("MHRA"), Mo. Rev. St. § 213.010, et seq. Specifically, based on the allegations contained in the charge of discrimination attached to her complaint, plaintiff appears to

be alleging that she was subjected to different terms and conditions of her employment, based on her race, national origin, religion, genetic information and for participating in protected activity. Plaintiff also alleges discrimination and/or retaliation in relation to the termination from her employment on May 19, 2012. Despite the clear allegations outlined in her charge of discrimination, plaintiff's complaint is difficult to read and at times, completely incoherent. In fact, the Court is unable to discern a clear set of factual allegations within the body of her entire complaint. Accordingly, plaintiff will be required to amend her pleading to conform to the pleading standards set forth in Federal Rules of Civil Procedure 8 and 10.

**Discussion**

A.   Filing an Amended Complaint

Plaintiff is required to file an amended complaint, on a court-provided form, which will supercede the prior complaint filed in this action. Simply put, **all** claims in this action must be included in one, centralized complaint form. And the allegations contained in that complaint form must be clear, coherent and legible. In her amended complaint plaintiff must also clearly articulate whether or not she is pursuing a claim, or claims, under the MHRA. She cannot solely rely on the attachment of a right to sue letter as "evidence" of bringing such a claim. Plaintiff must follow the Court's instructions relating to the filing of her amended complaint, as set forth below, or she will face dismissal of her action.

As noted previously, plaintiff is required to submit her amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. And Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff shall have thirty (30) days from the date of this Order to file her amended complaint. Plaintiff is again warned that the filing of the amended complaint **<u>completely replaces</u>** the original complaints, and claims that are not re-alleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

B.   Plaintiff's Motion to File Her Complaint Under Seal

Plaintiff seeks leave to file her complaint, and related pleadings in this action, under seal. She states that she needs to file her documents under seal for her protection "from setup/entrapment and foul plays. They conspired with my husband's attorneys and

other people to destroy my health, reputation and everything." These conclusory statements by plaintiff lack the proper showing regarding the need for confidentiality in this matter. Accordingly, the Court will deny plaintiff's request to file her complaint and accompanying documents under seal. The Clerk will be instructed to remove the sealed access level on any documents already so filed.

C.     Motion for Appointment of Counsel

Additionally, the Court will deny plaintiff's motion for appointment of counsel at this time. There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors and the factual allegations in the case at hand, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**. See 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that plaintiff's motion to file her complaint and accompanying documents under seal [Doc. #5] is **DENIED**. The Clerk of Court shall remove the sealed access level on any documents already so filed.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff a copy of a blank Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall amend her complaint, on a court-provided form within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED**.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this action will be dismissed without prejudice.

Dated this 17th day of August, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE